Good morning, Your Honors. May it please the Court. I would like to reserve seven minutes of my time for rebuttal if I can. The main question facing the Court today is whether Section 337A of the FDCA, which bans private enforcement of the federal law itself, also demonstrates Congress's clear and manifest intent to preempt private enforcement of state food labeling laws that are identical to those in the NLEA. For at least three reasons, the answer to that question is no. The first reason is that in this case, there are two layers of presumptions against the application of applied preemption. The first is the general presumption against preemption in areas of historic state police powers, such as food labeling and advertising. And the other is the presumption that where Congress has enacted an express preemption provision, which it has done in the NLEA, it's reasonable to infer Congress did not intend any further preemption of state law. Do you think that the presumption applies when the state law isn't like writing any kind of state standards, but just is a general parasitic statute that sucks up anything? Well, Your Honor, I don't agree that it's a parasitic statute. I mean, that's what the UCL is. The UCL says the violation of any law is a violation of the UCL. Of the UCL. That's correct. That creates a… It just says we'll take anything and here's a cause of action. And in particular, if there's a violation of the state Sherman law, a state food labeling regulation, yes, you can sue to enforce that law, so long as the named plaintiff under Proposition 64 has been injured by the unlawful practice. Yes, you can do that. And that's simply the state's way of creating a private right of action, and I don't see how the FDCA has any impact on that as opposed to the Sherman law, which is how it has adopted its food labeling regulations. And didn't the federal statute kind of pretty much authorize the Sherman law? Yes, Your Honor, and that's the second reason that I wanted to get into today, which is that the NLEA's express preemption provision demonstrates Congress's intent not to preempt laws like the Sherman law. The express preemption provision specifically says states can adopt food labeling requirements that are identical to those in the NLEA. And the Supreme Court has interpreted virtually identical express preemption provisions as also authorizing states to enforce those identical requirements through private damages actions. So that is precisely what California has done here. The Sherman law adopts state food labeling regulations that are identical to the federal scheme, and the UCL unlawful prong allows injured consumers to seek restitution for violations of the Sherman law. Now, the third reason that I would like to get into is that the plain text of Section 337A prohibits only the private enforcement of federal law. It says nothing about the private enforcement of state law. And case law interpreting Section 337A demonstrates that the only time it preempts state law is when the state is attempting to enforce a requirement that is inherently federal in character. And here, there is nothing inherently federal about the food labeling regulations in this case. California could absolutely, without the FDCA, pursuant to its traditional historic police powers, prohibit baby food manufacturers from advertising their products with nutrient content claims. That regulation, the substance of the regulation- I'm sorry, I didn't understand what you said. Could prohibit what? Could prohibit baby food manufacturers. So the specific regulation that's at issue in this case under the Sherman law is California's prohibition on baby food manufacturers advertising their products with nutrient content claims. That's prohibited. It's prohibited in the FDA, and California has adopted an identical prohibition through the Sherman law. Even if the FDCA never existed, California could still impose that exact same rule in this case. And because it can do that, what it is exercising is not some authority that's depended upon the FDCA, but its own historic police powers that Congress specifically allowed- that Congress left to the state through the express provision. Yes, but the problem with that argument is that the federal government has expressly limited the authority of the states to enact standards that are identical to the federal standards. Correct, Your Honor. None of the state's police power used to be this wide, right? You could adopt whatever food labeling regulations that you wanted because it was part of their police powers. The federal government has come in and said, well, we're constraining those police powers. You can still adopt state food labeling regulations. They simply have to be identical to the national food labeling scheme. And the Sherman law is, it's 100% identical. I understand. And so, but getting back to Section 337A- There's still the standards established by the federal government. The standard is established by the federal government. And then the state gets to adopt an identical standard under 343-1, which is precisely what's happened here. And then the question is, well, does 337A, which bans private enforcement of the FDCA, nevertheless then prevent states from adopting identical requirements? And the answer is no. If you look at the cases where 337A has been interpreted to preempt state laws, it's when there's this inherently federal requirement that the state would have had no ability to adopt without the FDCA. Let's look at Nexus, the most recent case on this issue. The state law there said, basically, don't sell drugs unless they've been approved by the FDA. But the state cannot tell the FDA what drugs must receive or must not receive its approval. Only federal law can do that, right? So if the state claim has as a necessary precedent establishing a separate violation of the FDCA, well, then that is the problem, right? That's when the state law is, through the guise of the state claim, actually seeking to enforce federal law. Whereas here, there is no similar corollary. Now, the district court below and the defendant in their answering brief have put a lot of focus on the fact that the Sherman Law adopts by reference the food labeling regulations in the NLEA, that it just copies them. And that that somehow means that they are enforcing the federal provisions itself. But the mechanism by which California has chosen to write down its food labeling requirements doesn't transform what is a legitimate exercise of its independent power into enforcing the federal provisions themselves. And the McClellan case from this court is binding on that issue. McClellan said even wholesale copying of FDA regulations to establish a state standard of care is not the same as enforcing the underlying FDA provisions themselves. And if you step back and you analyze this from obstacle conflict preemption analysis, right, which is the ultimate preemption framework in this case, there's no rational basis to say that one procedure by which California has written down its requirements is more of an obstacle to accomplishing Congress's objectives than another. So long as the state law at issue is identical to the federal labeling regime, the objective of Section 343-1 is accomplished. And so long as the state is not enforcing any inherently federal aspect of the FDCA, which this is not, then the objective of Congress is also accomplished. So there's no way in which that can lead to obstacle conflict preemption. Can I ask a question? The briefs have a lot of cases in the district, in California district courts, where this preemption issue has been raised. And I gather that the overwhelming majority of them have held that there's no preemption. That's correct. And I just wanted to make sure, is this the first one that's been appealed? As far as I know, Your Honor, this is the first one that's made it up to the Ninth Circuit, specifically about implied preemption of the Sherman Law. Unless there are any other questions, I'll reserve my time for rebuttal. All right. Thank you, counsel. Are you going to address whether you made out a claim? Oh, the fraud claim? Your Honor, I'm happy to answer any questions about that. Otherwise, I'm also happy to stand on the briefing on this issue because we believe the implied preemption is the most important aspect of this case. So thank you. All right. So Mr. Feers. Good morning. And may it please the Court. The district court here properly dismissed the appellant's complaint for two reasons. Now, the first reason is the one that was addressed by my colleague about implied preemption. It properly construed the FDCA's exclusive enforcement provision, as interpreted by Buckman and its progeny in the circuit, to say that these claims are impliedly preempted. Well, I mean, if 343-1 says that states can have in their law, they can directly or indirectly establish requirements that are identical, then presumably they can enforce them. So how could it be impliedly preempted if they copy it and then enforce it? Your Honor, that language is almost identical to other provisions of the FDCA. Whether you take 360-K, it says no difference or no addition, which is the same as identical. And then it lays out certain, in each of these statutes, they lay out if you want to do something or have something different, the state has to petition. What we're saying is that you have that same language and that it's implied in all these statutes that the states can pass laws in these areas, whether it's device, whether it's the NLEA, whether it's food labeling, whether it's cosmetics. What it can't do is if it's an exact copy and it's an exact identical provision that would be enforceable by the federal government, that's impliedly preempted. So how does this work? So they can take the words in the federal standard, they cut and paste and they put them in a state statute. That's bad. According to your view, they can't do that and enforce it? Yes, that would be the problem. That would be problematic. That would be, well, not problematic in the sense of they can do identical, they can't have identical standards. What we're seeing here is a copy and paste, as you said, a parasitic statute that applies it. I'm not sure I understood your answer then to my question. So if they take the set of words and they copy them and they put them into a state statute and pass it, and they can then enforce that and there's no implied preemption in your view? Well, the state, as the state can enforce that. That is what 343-1 and 337B allow. And there's a reason why that would be an impediment. But not private enforcement. I'm sorry, Your Honor. It would only be state enforcement by the state government and not private enforcement in your view? True. The private enforcement is to be impliedly preempted. The state enforcement is actually a carve-out that was enacted when the NLEA was enacted. So what happened is you have 403A, which becomes 343-1. It then amended 337 to include 337B, 1 and 2, which says the state, as the state, can bring in civil enforcement and or an injunction or relief in its jurisdiction. Civil enforcement of what? Of a violation of the Act. The NLEA. Yes. And so when you look at that amendment, and so I think we need to take a step back and look at 337. We first had the plain language, which the enforcement is exclusively given to the federal government and to the state government as a state government for certain provisions. What is, I think we also have to look at, is the amendment. The state cannot bring an action unless it petitions. So that amendment does two things. First, it invokes the statutory canon of an expression of one is an exclusion of the others. If the court, if Congress wanted private right of actions, it could have easily put that in that statute. The second is the amendment, before the state can even bring an action, it has to petition the government. Why? It's not that Congress wanted to give states a hard time. It's for the exclusive enforcement discretion of the federal government regarding these requirements and regulations. But you still, I just, maybe I'm misunderstanding, but that's to enforce the federal law. It is, that is true, but that is why taking that principle of it, that centralized enforcement by the FDA is key. Yeah, but following up with Judge Collins' question, if that were so, then there would be no point in authorizing the state to enact similar provisions. Well, they could. They could enact similar provisions and then enforce them as the state. What is happening here is we have a potential for mischief because we have this very regulated saying exclusive enforcement is with the FDA or the state in certain very enumerated situations. What plaintiff is saying, and the reason behind this exclusive enforcement provision, is the centralization of discretionary enforcement by the FDA. You can evade all that by simply having the state take a law, say we are adopting everything the FDA does. They now evade the requirement it needs to petition before it enforces these exact requirements. And then it can then allow private parties who did not have the right, in which Congress did not want to have that right, to enforce these. And that erodes the enforcement discretion with the FDCA, and it causes potential mischief. And the reason why is the FDA has a bunch of tools in its toolbox. It can send, it can investigate. It can send a warning letter. It can send, it can issue a safety notification. It can withdraw an approval. It can do all these things. It can also initiate litigation. What the only tool a private party has is the crude tool of litigation and has a chilling effect. So when we have a situation here, this is a case that clearly falls in the applied preemption tapestry we see in Buckman, Nexus, Perez, and Photomedics. And the fact that, and I think it's too cabin to say, as my colleague says, that it only applies if the FDA has to make a judgment. I think Perez negates that. Because all Perez was dealing with was did this LASIK device have an indication? Litigating these cases, Your Honor, is very simple to find out if a device or drug has an indication. You either pull out the instruction for use or you pull out the packet insert and you see if it's there. There's nothing inherently needing legal or factual expert expertise to read, okay, does it say indicated for this purpose? And in that case, as we saw in Perez, it found that the state law claims were preempted. I did not read your brief to be arguing that only private enforcement was preempted. Have I missed it? That, well, I think the question of whether the state, as the state can enforce it, I think that really isn't an issue in the case and is beyond the question. So in that sense, we did not address it, other than maybe peripherally to saying this is where 337B allows this certain exception. But the emphasis here is whether the private enforcement is preempted. And that answer is yes. And it's based on the Buckman factors we laid out that this is solely by virtue of the federal enactment. This is not a parallel claim. Am I correct that in Buckman there was no parallel state provision? Well, there was a state law, I think it was a tort claim. Yeah. So there was no parallel. It was a state common law. Yeah, so there was no parallel statutory claim. And a lot of these are, I think, if I remember right, Nexus or PhotoMedx did have an Arizona State law that says you can't sell drugs that have not been approved. I think that's Nexus because that's dealing with the compounding statute. And so when we look at these, when we apply the factors, they are forcing essentially, it is solely by virtue of the NLEA that they're trying to enforce. It is not a parallel state law. It is not where we find, and the case law is pretty, it's almost kind of like obscenity. It's this narrow, we can't totally describe it, but we know it when we see it. We know the bare minimum is it's a state law claim that preexisted in its common law tort. That is nothing that is applied. That's none of the claims here that survive. And so, and the third, as I said, it does present an obstacle to federal enforcement. If we allow, and I think, and I go back to my point about the amendment. So this NLEA amends 337 to allow states to bring an action on its own behalf. And it sets requirements. If a state can then pass a law, a wholesale adopting, and saying private citizens can now do this, and then not just stop there. It could go, it can say, well, we're going to let you take treble damages.  That would cause immense mischief and problems with the enforcement, exclusive enforcement and centralized enforcement of the FDA about these rules. And finally, with Buckman, we see that this is the exact, this implied preemption deals with this kind of case. These are federal, whether this is a violation of the NLEA, the labeling, it's clearly within the FDA's decision. And they have the tools to do that. Having private citizens, having private litigants, use the crude tool of litigation that thwarts the centralized enforcement that the FDA has. Unless there's any other questions. Then we'll, Your Honor, we rest bringing issues on our brief, especially with the fraud and misrepresentation of not meeting the pleading standard and plausibility. Given that there's no definition of the harm, the free sugars, it's just implausible. We rest on those positions. We ask that the court affirm the district court's dismissal. Thank you, counsel. We'll hear rebuttal now from Mr. McRae. Thank you, Your Honors. Just kind of, I'm going to try to address sort of in order some of the points that I thought could use addressing. When the argument about how it cannot be cut and paste or an exact copy, I just find that argument to be perplexing given that the whole question here is, are we interfering or standing as an obstacle to accomplishing Congress's objectives? And the clear objective of Section 3431 is that state food labeling laws must be identical to federal food labeling regulations. Some of the laws that are saved by 3431 are on the list in 337B and subject to the special restrictions there. Is that correct? But 337B talks about the state petitioning the government to enforce the federal law, not the state. And this was an issue that was raised. I understand. But answer my first question. Am I right that some of the laws that are saved from preemption on 3431 are laws that parallel sections that are then listed in 337B? Is that correct? I think that's correct, Your Honor, if I understand your question correctly. Okay. So wouldn't it be really odd to say – for Congress to say that you can – if the state wants to enforce this federal standard, you have to go through all these hoops. But if you just copy the federal standard in the state law, you can do whatever you want and ignore all that. Well, Your Honor, I think it would be odd. It would be weird. But the inverse would also be weird, right, saying that the state had to petition the federal government to enforce its own laws in its own court. And that's not what Section 337B says. 337B is all about getting permission to enforce the federal standard. And when you look at the heart of implied preemption in this case, this is really about what are the inherently federal provisions of the FDCA that a state cannot on its own have anything to do with. And nexus is the perfect example of this. The state government cannot tell the FDA what drugs need or do not need approval. That was essentially a copy statute. Only federal law can tell the FDA whether a drug must or must not be approved. So when you have this underlying violation of the FDCA itself that has to be proved as a necessary element of the state law claim before you have a violation of state law, that's when 337A and the Buckman line of cases all kick in and preempt that state law. And each one that a defendant relies on is exactly the same. In Buckman, states can't tell the federal agency what disclosures need to be made during the inherently federal premarket approval process. So when the state was trying to import those requirements in through its common law fraud claim, the Supreme Court says, no, you can't do that. 337A prevents you from doing that. Those are inherently federal in character. And what you're essentially saying is before you can have a violation of state law, you must first prove a violation of the FDCA itself. The same was true in Perez. That case was about disclosing to patients the scope of the FDA's approval of a specific medical device for a specific purpose. But again, states can't tell the FDA what medical devices can be approved for what purposes. Only federal law can figure that out. So before you could have the disclosure that was required in Perez, you had to have this preceding violation of the FDCA itself, this inherently federal requirement. And that was also true in Nexus, as I've discussed. And that is simply not the case here. This is a truly parallel state requirement. There's no preceding federal violation that has to happen. Both the state and federal law are violated at the same time because they're identical. One doesn't depend upon an underlying violation of inherently federal FDCA requirements to make the state law claim happen. Let's see. And as far as this exclusive enforcement authority and interfering with the exclusive enforcement authority, that is again referring to the FDA's exclusive enforcement authority over the FDCA itself. That goes to the Nexus notion of this essentially a copy statute, right? What does federal law say about when the FDA has to approve or not approve drugs? That is wholly within the discretion of the FDA. But as to things where states and the federal government have this dual sovereignty over traditional areas of state police power, states can allow the private enforcement of that law. And it doesn't interfere with the FDA's exclusive enforcement authority over the FDCA itself. And as far as the notion that only common law torts survive, as far as a conflict obstacle conflict preemptive analysis goes, there's no rational basis to say that statutory law is a greater obstacle to accomplishing Congress's objectives than common law. There's no way to make that distinction within the necessary analytical framework. And there's also no distinction drawn in the text of 343-1 or 337A between common law and statutory law. So unless the court has any more questions for me, I'm happy to rest. All right. Thank you, Your Honor. Thank you, counsel. Thank both counsel for your helpful arguments in this case. And the case of Davidson versus Sprout Foods is submitted for decision. And that completes the court session for this week. And we are adjourned.
judges: SCHROEDER, COLLINS, DESAI